UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN JANES,

    Plaintiffs,

v.

GRAND RIVER NAVIGATION
COMPANY, INC.,

    Defendants.
_____/

Case No. 2:07-cv-14436

HONORABLE STEPHEN J. MURPHY, III

**ORDER REQUIRING THE CLERK OF THE COURT TO NOTIFY THE UNITED STATES COAST GUARD OF THIS ACTION AND REQUESTING THAT THE UNITED STATES COAST GUARD FILE AN *AMICUS CURIAE* BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (D/E 23)**

    This is an action brought by a crew member of a Great Lakes freighter, the M/V Maumee, against the owner of the freighter, for personal injuries sustained by the crew member when he was assisting in moving a cable on the deck of the freighter. Plaintiff Jonathan Janes brings this action pursuant to the Jones Act, 46 U.S.C. § 30104 *et seq.* and pursuant to the general maritime laws of the United States. Jane alleges in his complaint that his injuries were due to the negligence of defendant Grand River Navigation Company, Inc. ("Grand River") in failing to provide Janes with a safe place to work and the resulting unseaworthiness of defendant's vessel. Janes seeks damages, maintenance, cure and wages.

    Currently before the Court is Janes' motion for partial summary judgment on the issue of liability. Janes seeks an order of the Court holding that Grand River was negligent as a matter of law in the accident that injured plaintiff, that such negligence caused Janes' injuries, and that the M/V Maumee was unseaworthy as a matter of law. Janes argues that negligence should be deemed as a matter of law because the defendant acted in violation

of a safety statute, 46 U.S.C. § 8104(e), by requiring Janes to engage in deck department duties when he was not a member of the deck department.  Under United States Supreme Court precedent, where a shipowner acts in violation of a statutory duty and the violation causes in whole or in part an injury to a seaman, that conduct constitutes a form of negligence per se, and the defendant is liable for resulting injuries even if the shipowner was not negligent as a matter of ordinary tort law.  *Kernan v. American Dredging Co.*, 355 U.S. 426, 430-31 (1958).

Grand River has argued that it should not be held negligent as a matter of law because Janes was a member of the maintenance department and therefore not subject to the crossover prohibitions contained in 46 U.S.C. § 8104(e).  Grand River argues that its manning decisions were in complete compliance with the United States Coast Guard ("USCG") instructions and with the USCG's interpretation of the statute as embodied by the USCG Certificate of Inspection for the Maumee, effective May 16, 2005 to May 16, 2010, which expressly approved the vessel's manning.  Grand River also argues that Janes' interpretation of the statute is contradicted by the USCG's interpretation of the statute as contained in the USCG Marine Safety Manual.  That manual states that deck or engine maintenance personnel assigned to their respective departments are "subject to the crossover prohibition of 46 U.S.C. § 8104(e)," but that "[i]f the vessel establishes an acceptable maintenance department, the persons assigned to the maintenance department are available as a ship's maintenance crew and are not subject to the crossover prohibition."  United States Coast Guard, Marine Safety Manual, Vol. III, Ch. 20, p. 20-9.

In his reply, Janes argues that the United States Coast Guard's instructions are themselves violative of the statute and therefore cannot immunize the defendant.  This argument has raised another issue:  Grand River submits that Janes' argument amounts

2

to a request that the Court issue a declaratory judgment that the United States Coast Guard's interpretation of the statute is illegal. Because the legality of the United States Coast Guard's actions is implicated by Janes' argument, Grand River argues that the United States Coast Guard should be added as a party or permitted to intervene.

The Court has reviewed the briefs and the record, and finds that the United States Coast Guard has an interest in the issues raised by Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment that might justify intervention under Rule 24 of the Federal Rules of Civil Procedure. The Court also find that the United States Coast Guard might be considered a necessary party under Rule 19 of the Federal Rules of Civil Procedure and *Boles v. Greeneville Housing Authority*, 468 F.2d 476, 479-80 (6th Cir. 1972). At the very least, the Court wishes to avail itself of the expertise of the United States Coast Guard in deciding this issue. *See Mead Corp. v. Tilley*, 490 U.S. 714, 726 (1989) (for a court to attempt to decide important issues involving the interpretation of a statute "without the views of the agenc[y] responsible ... would be to 'embar[k] upon a voyage without a compass'") (*quoting Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 568 (1980)).

Therefore, upon **REVIEW** of the record, and in **CONSIDERATION** of the fact that this case involves issues of concern to the United States Coast Guard, the Court hereby **NOTIFIES** the United States Coast Guard of this action and its possible interest herein, and **INVITES** the United States Coast Guard to file an *amicus curiae* brief on the issues raised by Plaintiff's Motion for Partial Summary Judgment and the briefs filed in support of the motion and in opposition to the motion. The Court requests that United States Coast Guard notify the Court on or before April 20, 2009 if it wishes to file an *amicus curiae* brief in this

case. Further, if the United States Coast Guard wishes to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure, the Court will consider such a motion.

The Clerk of the Court is directed to serve a copy of this Order on the parties. The Clerk of the Court is also direct to process this order for service by the United States Marshal Service upon: Mr. Terrence G. Berg, United States Attorney for the Eastern District of Michigan, 211 W. Fort St. Suite 2001, Detroit, Michigan 48226; United States Coast Guard, Rear Admiral William Baumgartner, Judge Advocate General, 2100 2nd St SW, Washington, DC 20593-0001; and Mr. Eric Holder, Attorney General, United States, 950 Pennsylvania Ave. NW, Washington, DC 20530-0001.

**SO ORDERED**

                              s/Stephen J. Murphy, III
                              STEPHEN J. MURPHY, III
                              United States District Judge

Dated: March 19, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 19, 2009, by electronic and/or ordinary mail.

                              Alissa Greer
                              Case Manager